UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGINALD EVANS,               )
                              )
            Petitioner,       )
                              )
      v.                      )      No. 4:06-CV-37-CDP
                              )
CHUCK DWYER,                  )
                              )
            Respondent.       )

**MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner Reginald Evans' application for leave to commence this action without payment of the required filing fee.  Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Upon review of the petition, the Court will not issue an order to show cause, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1).

**The petition**

Petitioner, an inmate at the Southeast Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254.  Petitioner challenges his October 29, 2001 conviction

imposed by the Circuit Court of the County of St. Louis, Missouri.[1] Petitioner filed a Rule 24.035 motion for post-conviction relief with the trial court. The motion was denied, and the Missouri Court of Appeals affirmed the decision on November 18, 2003. In the instant action, petitioner asserts violations of his Fifth, Sixth, and Fourteenth Amendment rights.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[2] and is subject to summary dismissal. The denial of petitioner's Rule 24.035 motion was affirmed on November 18, 2003; however, the instant application for federal habeas corpus relief was not filed until January 9, 2006, well after the running of the one-year limitations period. Petitioner does not claim that the limitations period should be equitably tolled to allow him to file the instant petition.

---

[1] Petitioner states that the nature of the offense included "First degree burglary; armed criminal action; first degree robbery; kidnapping; armed criminal action; attempt [sic] victim tampering; armed criminal action and prior offender."

[2] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

2

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to respondent, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**.

An appropriate order shall accompany this memorandum and order.

Dated this 13th day of February, 2006.

_____
**UNITED STATES DISTRICT JUDGE**